IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS RARICK<br>    Plaintiff | :<br>:<br>: |
| VS. | :   NO.<br>: |
| HARTFORD LIFE AND ACCIDENT<br>INSURANCE COMPANY<br>    Defendant | :<br>:<br>: |

## COMPLAINT

1. Plaintiff, Thomas Rarick, is an adult individual residing in Slatington, Lehigh County, Pennsylvania.

2. Defendant, Hartford Life and Accident Insurance Company, is a business entity, organized under the laws of state of Connecticut, with designated agent for service of legal process located at 200 Hopmeadow St, Simsbury CT 06089.

3. Plaintiff through his employment was insured under a long term disability plan named "Group Long Term Disability Plan for UAW Bargaining Unit Employees of Mack Trucks, Inc.", which is an employee welfare benefit Plan organized under federal law and that is insured by Defendant Hartford Life and Accident Insurance Company.

4. This case arises under federal law, specifically the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C § 1001, et seq. as Plaintiff is seeking payment of disability benefits under Plaintiff's policy with Defendant under the welfare benefit plan.

5. At all relevant times, Plaintiff was a covered employee through his work under a policy of insurance issued by Defendant through the employee benefit plan under Claim Number 9005999817 and Policy Number GLT675813 which was written by Defendant.

6. On July 11, 2022, Defendant issued its final determination holding that Plaintiff was not entitled to long term disability benefits.

7. More particularly, Defendant determined that Plaintiff was not totally disabled under the plan's definition of disability as of January 7, 2022.

8. Plaintiff is a decades long employee of Mack Trucks aka Volvo Group North America, LLC, who worked as a Senior Designer, a job that required significant computer use but also required him to lift up to 50 pounds.

9. Plaintiff caught COVID during the pandemic and subsequently was diagnosed with "Long Covid" by his treating doctors.

10. Defendant hired a physician to review Plaintiff's medical records who opined that Plaintiff had occupational restrictions from December 28, 2020, through January 6, 2022, but not beyond.

11. Coincidentally, Plaintiff's entitlement to LTD benefits began as of January 7, 2022.

12. Plaintiff followed the procedure to internally appeal the denial and provided records from his family doctor and treating neurologist, the latter of which completed a Behavioral Functional Ability form, which was provided by Defendant for use in evaluating the claims.

13. Plaintiff's treating doctors asserted that due to the symptoms from Long Covid, Plaintiff was unable to work as of January 7, 2022, and ongoing.

14. Due to the novelty of the diagnosis of Long Covid, Plaintiff also provided additional material concerning the diagnosis, referencing the NIH and CDC, highlighting the debilitating symptoms of this disease process.

15. Plaintiff indicated he was willing to attend an in-person examination, which is permitted under Defendant's policy, but Defendant opted to hire a new physician to merely read Plaintiff's additional medical records that supported his claim of disability.

16. The second physician that Defendant paid to examine Plaintiff's file determined that there were no objective findings to support limitations but did not dispute Plaintiff's diagnosis.

17. In both appeals, Defendant credited the opinions of its paid physician over the treating physicians. Thus, it took the position that Long Covid caused debilitating symptoms up to the date of his entitlement to LTD benefits, but not beyond. The second paid physician opined that Long Covid does not cause limitations in the ability to work, which conclusion is without medical support in the scientific community, including the opinions of Plaintiff's doctors.

18. Plaintiff also supplied additional medical records demonstrating he continued to get occupational therapy for his deficits beyond January 7, 2022, which were ignored by Defendant.

19. Plaintiff raised these errors, as well as other conflicts of interest, in the medical analysis performed by Defendant's physicians in internal appeals with Defendant which appeals were exhausted without changing the arbitrary and capricious determination made by Defendant.

20. Despite Plaintiff's ongoing disability, Defendant arbitrarily determined that Plaintiff was not entitled to the proper amount of disability benefits.

21. Plaintiff has exhausted the internal administrative remedies and appeals, and received notice of a final determination from Defendant.

22. Plaintiff is therefore seeking past disability benefits under the Long Term Disability policy with Defendant, together with interest of unpaid benefits and reasonable attorney's fees.

WHEREFORE, Plaintiff demands that judgment be entered in his favor and against Defendant as set forth above and ongoing benefits together with interest and reasonable attorney's fees.

ORLOSKI LAW FIRM

_____
Kevin L. Orloski, Esq.
Attorney for Plaintiff
Attorney ID No. 90861
111 N. Cedar Crest Blvd.
Allentown, PA 18104
610-433-2363